State v. Dale-Williams

STATE OF NORTH CAROLINA v. ARMANDO A. DALE-WILLIAMS

No. 724SC788

(Filed 20 December 1972)

1. Criminal Law § 36.1— failure to charge on alibi — no error

Where defendant who was charged with common law robbery testified that he won the victims' money and a watch in a poker game at a cafe near the scene of the alleged crime, the testimony served only to explain how defendant came into possession of the items and did not raise the defense of alibi.

2. Arrest and Bail § 7— refusal of arresting officer to search for witnesses

Defendant's rights were not violated when, upon his arrest for robbery, the police officer took him immediately to jail rather than on a search for witnesses.

ON *certiorari* to review judgment entered by *James, Judge,* at the 17 May 1971 Session of Superior Court held in ONSLOW County.

Defendant was tried on his plea of not guilty to a charge of armed robbery. The State presented the testimony of two young marines, the alleged victims of the robbery, each of whom identified defendant as one of the persons whom they met while drinking beer at a place known as "Jazzland" in Jacksonville, N. C. These witnesses testified that defendant told them he knew where he could find some girls, that for this purpose they left the premises with defendant and with one Young, and that shortly thereafter, after crossing the railroad tracks and while walking between two buildings, defendant and Young seized them and robbed them of their money and a watch while defendant held a knife to the throat of one of the victims. Within fifteen minutes after the robbery the two victims returned to the area with a police officer, who arrested the defendant and Young after the two victims had identified them. The officer

searched defendant and found the stolen watch on his arm above the elbow and under his sweater, an open pocket knife wrapped in a piece of newspaper in his pocket, and money in his wallet bearing serial numbers matching the numbers on bills with which the two young marines had that day been paid. (The two victims testified that at the suggestion of their sergeant they had prepared and kept written lists containing the serial numbers of the bills with which they had been paid.)

Defendant and Young (who was tried jointly with defendant but whose rights are not involved on this appeal) testified that they had not been to Jazzland that night, but had met the two marines at Shaw's Cafe, a premises near the scene of the alleged robbery, and had there won their money and the watch in a poker game.

The jury found defendant guilty of common-law robbery, and from judgment imposing a prison sentence, defendant gave notice of appeal. Subsequently, this Court allowed defendant's petition for certiorari to permit him to perfect a late appeal.

*Attorney General Robert Morgan by Assistant Attorneys General Sidney S. Eagles, Jr., and Russell G. Walker, Jr., for the State.*

*James R. Strickland for defendant appellant.*

PARKER, Judge.

[1]  Appellant contends the trial judge erred in failing to instruct the jury on the law applicable to the defense of alibi. In this there was no error. The evidence did not raise the defense of alibi. Defendant's testimony that he was playing poker with the victims of the robbery served to explain how he came into possession of their money and the watch. It did not serve to place defendant at such a distance from the victims and the scene of the robbery as to raise a question whether he could have been present at the time and place that they testified the robbery occurred. On conflicting evidence the jury believed the testimony of the State's witnesses rather than the testimony of the defendant and his codefendant. This was their province.

[2]  Next, defendant contends his rights were violated at the time of his arrest when the arresting officer refused his request that he be taken immediately back to Shaw's Cafe so that he might obtain witnesses on the spot to prove that he had been

there playing cards. However, under the circumstances disclosed by the evidence in this case we find no violation of defendant's rights when the officer took him and his codefendant immediately to jail rather than on a search for witnesses. Indeed, it may have been imprudent for the officer to have done otherwise. Futhermore, the record discloses that within four days after defendant's arrest counsel was appointed to represent him, and nothing in the record suggests that he did not have the full assistance of his counsel in seeking and interviewing witnesses in his behalf.

We have carefully examined all of defendant's remaining assignments of error and find them without merit.

No error.

Judges CAMPBELL and MORRIS concur.